IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTHUR BROWN, JR., § § *Petitioner*, § § v. § BOBBY LUMPKIN, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § *Respondent*. § | CIVIL ACTION NO. 4:09-CV-74 **Execution Date: March 9, 2023** |

**UNOPPOSED MOTION TO SUBSTITUTE COUNSEL**

TO THE HONORABLE COURT:

Petitioner Arthur Brown, Jr., by and through undersigned counsel, moves this Court to substitute the Federal Public Defender for the Northern District of Texas, Capital Habeas Unit (FPD), as counsel in this matter. Mr. Brown shows the following as good cause:

1. Mr. Brown was convicted of capital murder and sentenced to death in 1994 in Harris County, Texas. Since then, he has pursued relief from his conviction and sentence in both state and federal court.

2. Mr. Brown's execution date is set for March 9, 2023.

3. Mr. Brown is represented in state court by the Office of Capital and Forensic Writs (OCFW). Recently, the OCFW uncovered previously suppressed information which supports that another man, not Mr. Brown, committed the underlying offense. This information appears to raise a substantial claim under *Brady v. Maryland*, 373 U.S. 83 (1963).

4. Death-sentenced federal habeas petitioners are entitled to the appointment of counsel in federal court. *McFarland v. Scott*, 512 U.S. 849, 857–58 (1994). 18 U.S.C. § 3599(a)(2) provides that a person pursuing post-conviction relief from a death sentence imposed by a state court "shall be entitled to the appointment of one or more attorneys," and other resources. *See Martel v. Clair*, 565 U.S. 648, 659–60 (2012). Section 3599(e) provides that counsel appointed after judgment are obligated to continue that appointment through "all available post-conviction process," including applications for stays of execution, competency proceedings, and clemency motions. *Wilkins v. Davis*, 832 F.3d 547, 557–58 (5th Cir. 2016).

5. Paul Mansur and Alexander Calhoun are appointed to represent Mr. Brown under § 3599. Neither are able to adequately represent Mr. Brown in pursuing relief in federal court based on this recently disclosed *Brady* information.

6. Paul Mansur maintains a busy private practice and due to his other responsibilities is unable to adequately represent Mr. Brown in pursuing potential federal habeas avenues based on this recently disclosed information. Mr. Mansur has effectively shut down his death penalty practice and now has a full-time general law practice.

7. In 2017, Mr. Calhoun joined Texas's Regional Public Defender for Capital Cases. That employment prohibited him from continuing to work on Mr. Brown's case, and he has not been involved with Mr. Brown's case since then. He is unable to continue representing Mr. Brown.

8. Substitution of § 3599 counsel is warranted when it is in the "interests of justice." *Clair*, 565 U.S. at 663. The interests of justice support substitution of counsel to allow Mr. Brown to present this potentially meritorious *Brady* claim in federal court that, through no fault of his own, was recently uncovered. Neither Mr. Mansur nor Mr. Calhoun are adequately able do so

under these circumstances. The OCFW is statutorily prohibited from representing Mr. Brown in federal court. Tex. Gov't Code § 78.054(b).

9. The FPD's office is able to represent Mr. Brown under these circumstances. Mr. Mansur has conferred with the FPD and they are willing and able to be appointed as counsel to represent Mr. Brown. Specifically, Jeremy Schepers, the Supervisor of the Capital Habeas Unit, has informed Mr. Mansur of their availability to serve as counsel in this case. That unit consists of attorneys who specialize in capital habeas corpus and post-conviction litigation. It was created to assist prisoners, such as Mr. Brown, in seeking federal habeas corpus relief from their conviction and death sentence.

10. This motion is not for purposes of delay. It is predicated on the recent discovery of this *Brady* material and the need for its rapid presentation to the federal courts before Mr. Brown's execution date. Mr. Brown will not seek a stay of execution based on the substitution of counsel itself.

11. The Director is unopposed to this motion, contingent on Mr. Brown not seeking a stay of execution due to the change in counsel, any potential inability of the FPD to get up to speed on the record, or any other reasons related to the FPD's late substitution into the case. As noted in the preceding paragraph, Mr. Brown agrees that no stay will be sought based on the substitution of counsel.

12. When the United States Court of Appeals for the Fifth Circuit approved the establishment of the two Texas CHUs, they intended that the units take out-of-district cases, and the CHUs are authorized to represent petitioners in any federal district in Texas. Consistent with its mandate, the FPD currently represents twenty-seven capital clients throughout Texas—twelve in the

Southern District, six in the Eastern District, five in the Northern District, and four in the Western District.

13. Moreover, because the FPD is independently funded, it will not seek any funding, reimbursement, or expenses from this Court in representing Mr. Brown. Similarly, this motion will obviate any need for expert or investigative funding from this Court, if any becomes necessary.

14. The contact information for the FPD is:

> Jason D. Hawkins
> Federal Public Defender
> Northern District of Texas
> 525 Griffin Street, Suite 629
> Dallas, Texas 75202
> 214.767.2746
> 214.767.2886 fax
> Jason_Hawkins@fd.org

And:

> Jeremy Schepers
> Supervisor, Capital Habeas Unit
> Northern District of Texas
> 525 Griffin Street, Suite 629
> Dallas, Texas 75202
> 214.767.2746
> 214.767.2886 fax
> Jeremy_Schepers@fd.org

15. Upon appointment, the FPD will assign an attorney from that office to enter an appearance on Mr. Brown's behalf. The FPD will ensure that Mr. Brown receives the representation he is entitled to:

> throughout every subsequent stage of available judicial proceedings, including . . . applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and . . . such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e). The FPD will represent Mr. Brown in pursuing remedies available to him, consistent with the mandates of § 3599.

16. Mr. Brown was informed of the FPD's availability to be substituted as counsel in his case, and he consents to their substitution as counsel.

For these reasons, Mr. Brown respectfully requests that this Court appoint the Federal Public Defender for the Northern District of Texas, Capital Habeas Unit, as counsel and permit Mr. Mansur and Mr. Calhoun to withdraw.

DATED: February 16, 2023                    Respectfully submitted,

*/s/ Paul E. Mansur*
PAUL E. MANSUR
Attorney at Law
SBOT 00796078
114 South Main Street
Seminole, Texas 79360
(432) 847-4649
(432) 847-4649 (facsimile)
paul@paulmansurlaw.com
office@paulmansurlaw.com

JASON D. HAWKINS
Federal Public Defender
Northern District of Texas

*/s/ Jeremy Schepers*
Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
Jeremy_Schepers@fd.org

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 16, 2023, I conferred with Tomee Heining, counsel for the Respondent, and the Respondent is unopposed to the substitution of counsel, contingent on Mr. Brown not seeking a stay based on the change in counsel, as explained in paragraph 11.

*/s/ Jeremy Schepers*
Jeremy Schepers

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed in this Court's CM/ECF system, which will serve all registered users in this case.

*/s/ Jeremy Schepers*
Jeremy Schepers